FILED

2008 Dec 16 PM 03:02

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re ) | JUDGE RICHARD L. SPEER |
| Linda Malsch ) | |
| ) | Case No. 08-32129 |
| Debtor(s) ) | |

## MEMORANDUM OPINION AND DECISION

This cause comes before the Court after an Evidentiary Hearing on the Trustee's Objection to the Debtor's Claim of Exemptions in certain "IRA" accounts and the Trustee's Motion for Turnover of the funds in said accounts. (Doc. No. 15). At the Hearing, the Debtor continued to assert her right to claim as exempt the funds in her "IRA" accounts, asking the Court to deny the relief sought by the Trustee. At the conclusion of the Hearing, the Court deferred ruling on the matter so as to afford time to thoroughly consider the evidence and issues raised by the Parties. (Doc. No. 42). The Court has now had this opportunity and finds, for the reasons set forth herein, that the Debtor is not entitled to claim the full value of her "IRA" accounts as exempt. Accordingly, to the extent provided in this Decision, the Trustee's Objection to the Debtor's Claim of Exemption will be Sustained and the Trustee's Motion for Turnover will be Granted.

In re: Linda Malsch
Case No. 08-32129

## FACTS

The Debtor, Linda B. Malsch, is sixty-six years of age. In the year 2005, the Debtor, after many years of marriage, suffered the loss of her husband. At the time of her husband's death, the Debtor was the beneficiary of a life-insurance policy taken on the life of her husband. From this insurance policy, the Debtor received cash proceeds of approximately $50,000.00.

After receiving the life-insurance proceeds, the Debtor paid some necessary expenses, including those costs associated with her husband's death. In the year 2006, the Debtor, after paying such expenses, invested the remaining insurance proceeds, totaling $35,000.00, in a Variable Annuity with MassMutual, having an account number ending in "134." (Ex. #3). In her application for the annuity, it was set forth that, for tax purposes, the investment was "Non Qualified" and that the sources of the funds invested was from "Current Income/Personal Savings." *Id.* at pg. 2.

On April 28, 2008, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). At the time she filed her petition for relief, the Debtor continued to hold an interest in the annuity she purchased after her husband's death. In addition, the Debtor held an interest in two additional accounts: (1) an account with TransAmerica, entitled "Financial Security Account," having a balance of $4,701.08, (Ex. No. 4); and (2) a second annuity with MassMutual, having an account number ending in "271." (Ex. No. 5). In her bankruptcy schedules, the Debtor claimed all these accounts as fully exempt.

## DISCUSSION

The matter before the Court involves a determination as to the allowance of exemptions from property of the estate. Such a determination is deemed to be a core proceeding pursuant to 28 U.S.C.

Page 2

In re: Linda Malsch
Case No. 08-32129

§ 157(b)(2)(B). Thus, on the Trustee's objection to the Debtor's claim of exemptions, this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

The Trustee has objected to the Debtor's claim of exemption in three assets: (1) a variable annuity purchased after her husband's death, and having an account number ending in "134;" (2) an account with TransAmerica, entitled "Financial Security Account;" and (3) an annuity with MassMutual, having an account number ending in "271." At the Hearing held on this matter, however, the Trustee withdrew that portion of his objection related to the last account, – the annuity having an account number ending in "271." Accordingly, the Debtor's exemption in this asset will be allowed, and the following discussion will be limited to addressing that portion of the Trustee's objection aim at the first two accounts.

The function of an exemption is to shield certain assets, which would otherwise be subject to execution for the satisfaction of a debt, from the reach of creditors. *In re Williams*, 345 B.R. 853, 855 (Bankr. N.D.Ohio 2006). By performing this function, exemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment. *Id.* In accord with these policy considerations, the Bankruptcy Code recognizes a debtor's right to claim certain property as exempt so as to further one of the Code's primary aims: providing the debtor with a fresh-start. *Id.*

Nevertheless, exemptions are entirely creatures of statute, being in derogation of the common-law rule that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005). A debtor's intent to claim property as exempt will thus not be assumed. Instead, a debtor is required to take some affirmative action – usually by noting the claim of exemption and its statutory authority in

Page 3

In re: Linda Malsch
Case No. 08-32129

bankruptcy schedule C – to claim property as exempt. *In re Brooks*, 227 B.R. 891, 893-94 (Bankr. W.D.Mo. 1998).

For those two accounts against which the Trustee continues to maintain his objection, it is the Debtor's position that such accounts are exempt because of their status as Individual Retirement Accounts, commonly referred to as IRAs. As the basis for her position, the Debtor cited to O.R.C. § 2329.66(A)(10), whose subject matter covers pensions and other similar benefits. The provision itself is divided into four parts, designated in clauses (a) thru (d), with each clause covering a different type of pension plan.

Regarding this structure, the Debtor, as taken from her bankruptcy schedules, cited to two parts of § 2329.66(A)(10). First, as authority for her right to claim as exempt the variable annuity purchased after her husband's death, and having an account number ending in "134," the Debtor cited to O.R.C. § 2329.66(A)(10)(d). For her exemption in the account with TransAmerica, entitled 'Financial Security Account,' the Debtor relied on § 2329.66(A)(10)(c).

Regarding the statutory authority cited by the Debtor, an initial word is necessary on her claim of exemption in her annuity. In seeking to have her annuity held exempt, the Court finds the Debtor's reliance on subparagraph (d) of § 2329.66(A)(10), as opposed to subparagraph (c), puzzling. Section 2329.66(A)(10)(d) applies only to "Keogh or 'H.R. 10" plans which are limited in scope, and for which there is no indication the Debtor would qualify. Specifically, "Keogh or

Page 4

In re: Linda Malsch
Case No. 08-32129

'H.R. 10 accounts are only available to self-employed persons.[1] As explained by the Fifth Circuit Court of Appeals:

> A Keogh plan, also called an HR-10 plan, is designed to create a tax incentive for a self-employed person to provide retirement benefits for himself. If a plan qualifies under the Internal Revenue Code, contributions to it are tax-sheltered. For a plan to be thus qualified, it must meet various requirements: for example, the amounts that can be contributed are limited, and withdrawals are subject to a 10% tax penalty.

*In re Nix*, 864 F.2d 1209, 1211 (5th Cir. 1989), *citing* 26 U.S.C. § 401.

The Court is nevertheless willing to ascribe the Debtor's reliance on § 2329.66(A)(10)(d) to simple inadvertence. Although it is not the function of the Court to second-guess which provision a debtor intends to utilize when claiming property as exempt, it can be assumed that, like with her 'Financial Security Account,' the Debtor meant to rely on subparagraph (c) of § 2329.66(A)(10), not subparagraph (d), when claiming her annuity as exempt. This, as briefly explained, is the only logical choice given that the Debtor's annuity was not created from earned income, but instead stems from the proceeds received in a life insurance settlement.

First, the subject matter of subparagraph (a) of § 2329.66(A)(10) is limited to accounts created for the benefit of public employees. Next in line, subparagraph (b) involves pension benefits

---

[1]
(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> (d) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of the person's dependents.

Page 5

In re: Linda Malsch
Case No. 08-32129

provided by private employers, for example a 401(k). Finally, as just explained, subparagraph (d) of § 2329.66(A)(10) is limited to self-employed individuals maintaining Keogh or H.R. 10 accounts. On the other hand, § 2329.66(A)(10)(c) specifically encompasses individual retirement accounts, including retirement annuities established by individuals. Accordingly, the Court will presume that, in seeking to exempt her annuity, the Debtor intended to utilize § 2329.66(A)(10)(c).

> Section 2329.66(a)(10)(c) of the Ohio Revised Code provides:
>
> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to any of the following:
>
>> (i) Contributions of the person that were less than or equal to the applicable limits on deductible contributions to an individual retirement account or individual retirement annuity in the year that the contributions were made, whether or not the person was eligible to deduct the contributions on the person's federal tax return for the year in which the contributions were made;
>>
>> (ii) Contributions of the person that were less than or equal to the applicable limits on contributions to a Roth IRA or education individual retirement account in the year that the contributions were made;
>>
>> (iii) Contributions of the person that are within the applicable limits on rollover contributions under subsections 219, 402(c), 403(a)(4),

08-32129-rls    Doc 44    FILED 12/16/08    ENTERED 12/16/08 15:02:44    Page 6 of 15

**In re: Linda Malsch**
**Case No. 08-32129**

> 403(b)(8), 408(b), 408(d)(3), 408A(c)(3)(B), 408A(d)(3), and 530(d)(5) of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C.A. 1, as amended.

Under Bankruptcy Rule 4003(c), the Trustee, as the party objecting to the Debtor's claim of exemption, "has the burden of providing that the exemptions are not properly claimed." In support of this burden, the Trustee has raised separate arguments regarding the Debtor's right to claim her annuity and 'Financial Security Account' exempt under 2329.66(a)(10)(c).

First, with regards to the Debtor's annuity, the Trustee set forth that, while the account otherwise qualifies as an exemptible "individual retirement annuity" for purposes of 2329.66(a)(10)(c), the Debtor's method of funding the account exceeded those limits contained in clauses (i) thru (iii), thereby nullifying the account's status as exempt. (Doc. No. 15). Second, for the 'Financial Security Account,' it is the position of the Trustee that this account is not in the form of an IRA, and thus does not, in "the first instance," qualify for exempt status under 2329.66(a)(10)(c). *Id.* Both these points are well taken.

To encourage individuals to save for retirement, Congress afforded to Individual Retirement Accounts certain benefits under the Federal Income Tax Code – *e.g.*, contributions are deductible and earnings accumulate free of tax. 26 U.S.C. § 219, § 408. Because of this beneficial treatment, however, the Tax Code also limits the amount of money a taxpayer may contribute to such an account on a yearly basis and still receive a tax benefit. 26 U.S.C. § 219. The fear in this regard was that without such limits, some taxpayers could artificially reduce their tax liability, causing a decline in tax revenues for the government. *See* Bennett, Bradley, Kaiser, Northwood & Sharpe: Taxation of Distribution From Qualified Plans, ¶ 1.03.

Clauses (i) thru (iii) of § 2329.66(a)(10)(c) adopt the limits on contributions to retirement plans established by the Federal Tax Code, thereby harmonizing the two bodies of law. The policy

Page 7

aim in this regard is similar to that of the Tax Code: To ensure that, in accordance with a creditor's reasonable expectations, the amount of a debtor's available assets to satisfy the claims of creditors will not be artificially reduced. That is, without such a protection a debtor could easily convert a large portion, if not all, of their nonexempt assets into exempt assets. 37 AM. JUR. 2D *Fraudulent Conveyances and Transfers* § 1 (2008).

The practicable effect of clauses (i) thru (iii) in § 2329.66(a)(10)(c) is to exclude from exempt statute large, lump-sum contributions made by debtors to pension plans except in those instance where the funds are done in accordance with a qualifying rollover. Clause (i) of § 2329.66(a)(10)(c) effectuate this by limiting a debtor's claim of exemption to those amounts contributed to an IRA which, in a given year, were equal to or less than the applicable limits on deductible contributions. Clause (ii) then carries over this limitation to Roth IRAs and what are termed accounts for "education individual retirement." Finally, clause (iii) limits a debtor's exemption to amounts rolled over from one qualify account to another qualifying account.

These limitations, as now shown, mean that the Debtor's lump-sum contribution of $35,000.00 to her retirement annuity in the year 2006 will not fully qualify as exempt. First, for an individual, such as the Debtor, over the age of 50, the applicable limit on contributions to an IRA in the year 2006 was $5,000.00. 26 U.S.C.A. § 219(b)(5). Therefore, as applied to clause (i) § 2329.66(a)(10)(c), the Debtor's contribution of $35,000.00 to her individual retirement annuity exceeded the applicable limit by $30,000.00, thereby disqualifying this amount from the protection of the statute. As well, the Debtor cannot rely on clause (ii) because the Debtor's account is not even in the nature of a Roth IRA or an educational account.

Finally, while clause (iii) of § 2329.66(a)(10)(c) permits rollover contributions, which in many instances will constitute large sums of money, the contribution must have come from a pension account that was, in the first instance, afforded favorable treatment by the Tax Code – for example,

Page 8

a rollover from a 401(k) account sponsored by an employer. In this way, a rollover generally connotes the transfer of funds from one qualifying pension account to another qualifying pension account. Proceeds received from a life insurance policy, however, may be utilized by the beneficiary as he or she sees fit, and thus have no direct relationship to a pension account. In fact, the Debtor, when applying for her annuity, acknowledged this point by providing in her documentation that, for tax purposes, her investment was "Non Qualified" and that the sources of the funds invested was from "Current Income/Personal Savings."

Accordingly, for these reasons, the Debtor's annuity, having been funded from life insurance proceeds, may only be exempted in accordance § 2329.66(a)(10)(c) up to the amount of $5,000.00. A different analysis follows for the 'Financial Security Account' owned by the Debtor. It is the Debtor's position that this account is fully exempt because it qualifies as an IRA. However, as a strictly definitional matter, this assertion is spurious.

To validly claim an exemption under § 2329.66(a)(10)(c), the account or payment to be exempted must qualify as "individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age . . . ." The Debtor's 'Financial Security Account,' has none of these characteristics. First, an individual retirement account is defined as "a trust created or organized in the United States for the exclusive benefit of an individual or his or her beneficiaries." 26 U.S.C § 408(a). The Debtor's 'Financial Security Account,' however, has no such trust arrangement. Additionally, the Debtor acknowledged that she can freely dispose of the assets in the account, thus dispensing of any notion that the benefits under the account are conditioned on illness, disability, death, or age.

In the end, therefore, the Court, based upon the application of § 2329.66(a)(10)(c), cannot find any basis for the Debtor to fully exempt her annuity; nor can the Court find any basis for the Debtor to claim any portion of her "Financial Security Account" as exempt. Having said this,

Page 9

In re: Linda Malsch
Case No. 08-32129

however, the Court's discussion would not be complete without a brief discussion on one further matter which was not raised by either of the Parties, but which pertains directly to the Debtor's statutory right to claim pension accounts as exempt. The substance of this issue: In a bankruptcy proceeding, reliance on Ohio law to claim a pension account as exempt has, at the very least, been supplemented, if not entirely preempted.

The Bankruptcy Code provides two alternative schemes from which a debtor may claim property as exempt. 11 U.S.C. § 522(b)(1). First, § 522(b)(1) of the Code provides that a debtor may choose the federal bankruptcy exemptions as listed in § 522(d). Second, the Bankruptcy Code provides that, as an alternative to the bankruptcy exemptions, a debtor may exempt property as provided under the state law of the debtor's domicile and nonbankruptcy federal law. 11 U.S.C. § 522(b)(1).

The Bankruptcy Code, however, also provides that a state may "opt out" of the federal bankruptcy exemptions, as listed in § 522(d), for those citizens domiciled in its territory. 11 U.S.C. § 522(2). In such an instance, a debtor may only exempt property allowed by state law and nonbankruptcy federal law. Ohio is such a state, having opted out of the exemptions provided by the Bankruptcy Code. O.R.C. § 2329.662. Even so, it is still within the power of Congress to preempt state-court exemptions, even for those states which chosen to opt out of the federal bankruptcy exemptions. *Storer v. French (In re Storer)*, 58 F.3d 1125, 1128-29 (6th Cir.1995).

By way of the enactment of BAPCPA in 2005,[2] Congress exercised this prerogative, creating a category of exemption rights that may be exercised by a debtor even if the debtor's state has opted

---

2

BAPCPA stands for the Congressional Act entitled Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Public Law 109-8, 119 Stat. 23.

Page 10

out of the federal bankruptcy exemption scheme. 4 Collier On Bankruptcy ¶ 522.10[8] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). Pursuant to § 522(b)(3)(C), it is provided that, notwithstanding state law, a debtor may exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."

Yet, as a practicable matter, the Debtor's lack of reliance on § 522(b)(3)(C) created no prejudice. Those sections of the Internal Revenue Code cited in § 522(b)(3)(C) involve pension, profit-sharing and stock bonus plans; employee annuities; individual retirement accounts ("IRAs"); deferred compensation plans of state, local government and tax-exempt organizations; and certain trusts. Thus, like with Ohio law, § 522(b) also limits a debtor's right to claim an exemption in an IRA or retirement annuity, utilizing those same restrictions established by the Federal Tax Code. 11 U.S.C. § 522(b)(4).[3] Thus, even had the Debtor cited to § 522 as the basis for her exemptions in her

---

[3](4) For purposes of paragraph (3)(C) and subsection (d)(12), the following shall apply:

(A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.

(B) If the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805, those funds are exempt from the estate if the debtor demonstrates that–

    (i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and

    (ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or

    (II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not

Page 11

In re: Linda Malsch
Case No. 08-32129

annuity and her 'Financial Security Account,' the result would have been likely the same: she would have been limited to a $5,000.00 exemption in her annuity, and the 'Financial Security Account' would not have qualified, in the first instances, as an exempt retirement account.

Despite the foregoing discussion, however, the testimony provided by the Debtor at the Hearing held in this matter also carried with it a corollary theme. Specifically, the Debtor, in support of her right to claim an exemption in her annuity and 'Financial Security Account,' gave extensive testimony concerning the marital problems, particularly financial misconduct, she encountered with her deceased husband. The Debtor's position in this regard seemed to be one of fairness – that because her husband had caused her substantial grief, she should be allowed to retain the one thing that her husband was able to provide: proceeds from a life insurance policy.

As an initial matter, the Court does not question the difficulties the Debtor encountered during her marriage. It is also true that this is a Court of equity, and that in applying exemption law, the Court is to give the applicable statute a liberal construction. 11 U.S.C. § 105(a); *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147-48 (6th Cir. B.A.P. 2006). At the same time, however, this Court cannot ignore the explicit mandates of a statute. *See Norwest Bank Worthington v. Ahlers*, 485

---

materially responsible for that failure.

(C) A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

(D)(i) Any distribution that qualifies as an eligible rollover distribution within the meaning of section 402(c) of the Internal Revenue Code of 1986 or that is described in clause (ii) shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such distribution.

Page 12

In re: Linda Malsch
Case No. 08-32129

U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). And as stated earlier, exemptions are entirely creatures of statute, meaning that the Court cannot make an exemption where none exists. *In re Wycuff*, 332 B.R. 297, 300 (Bankr. N.D.Ohio 2005) ("a court cannot create an exemption where one does not exist.").

Consequently, the Court cannot allow an exemption simply because of the prior hardships experienced by the Debtor. Even so, the Court is not convinced that the results reach in this case are particularly unfair. At the Hearing, the Debtor admitted that many of her unsecured debts were incurred exclusively for her own benefit. As such, regardless of the marital problems she encountered with her deceased husband, it does not strike this Court as particularly unfair that the Debtor's nonexempt assets may be used to compensate her own creditors.

In conclusion, the Debtor's Variable Annuity with MassMutual, having an account number ending in "134," is only exempt under Ohio law, § 2329.66(a)(10)(c), in the sum of $5,000.00. Additionally, the Debtor's account with TransAmerica, entitled "Financial Security Account," does not, in the first instance, qualify as an exempt retirement account under Ohio law. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

In re: Linda Malsch
Case No. 08-32129

Accordingly, it is

**ORDERED** that, as provided in this Decision, the Trustee's objection to the Debtor's claim of exemption is hereby Sustained with regards to these two accounts: (1) the Debtor's variable annuity, purchased after her husband's death, and having an account number ending in 134; and (2) the Debtor's account with TransAmerica, entitled 'Financial Security Account'

It is **FURTHER ORDERED** that, excepting $5,000.00, the Trustee's Motion for Turnover of the Debtor's annuity, ending with the account number of 134, and the Debtor's 'Financial Security Account,' be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the Trustee's objection to the Debtor's claim of exemption in an annuity, having an account number ending in 271, be, and is hereby, OVERRULED; and that the Trustee's Motion for the Turnover of this Account, be, and is hereby, DENIED.

Dated: December 16, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 14

# CERTIFICATE OF SERVICE

Copies were mailed this 16th day of December 2008 to:

Linda B. Malsch
1740 Shantilly Dr.
Maumee, OH 43537

James E. Haughn, II
5425 Southwyck Blvd, #205
Toledo, OH 43614

Louis J Yoppolo
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604

    /s/Diana Hernandez
Deputy Clerk, U.S. Bankruptcy Court