# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
         )   **JUDGE RICHARD L. SPEER**
Linda Malsch )
         )   Case No. 08-32129
    Debtor(s) )
         )

## DECISION AND ORDER

Before this Court is the Trustee's Motion to Strike the Debtor's Objection to Claim Numbers 3 and 5. (Doc. No. 91). The Trustee raised two grounds for his Motion: (1) the Debtor lacks standing to object to the claims; and (2) the claims are valid. The Debtor responded, filing an objection to the Trustee's Motion to Strike. In her objection, the Debtor set forth that this Court "is a Court of Equity and should never allow a creditor to participate in a dividend if the creditor has no true legal basis to make a claim." (Doc. No. 96). The Court has now had the opportunity to review the respective positions of the Parties and, for the reasons now explained, finds that the Motion of the Trustee to Strike should be stayed pending further order of the Court.

## FACTS

The Debtor commenced this bankruptcy case on April 28, 2008, by filing a petition under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). Thereafter, Louis Yoppolo was appointed trustee to administer the Debtor's bankruptcy estate. During the administration of her bankruptcy estate, the Debtor was ordered to turnover to the Trustee certain estate assets, including the nonexempt portion of an annuity. (Doc. No. 44). In his Motion to Strike, the Trustee represented to the Court that the Debtor has yet to fully comply with this Court's order to turnover nonexempt assets.

In re: Linda Malsch
Case No. 08-32129

Based upon the potential availability of assets for distribution, creditors filed proofs of claim in this case. These claims totaled $29,985.58 in value. Of the claims filed, the Trustee, based upon information supplied by the Debtor, filed objections to six of the claims. These objections were subsequently sustained by the Court, leaving $11,451.89 in remaining timely filed claims. Included in the remainder were claim numbers 3 and 5, totaling $10,660.78 in value, which the Trustee found to be properly supported.

On May 15, 2009, the Debtor, in the absence of a forthcoming objection by the Trustee, brought her own objection to claim numbers 3 and 5. The Trustee responded by filing his Motion to Strike the Debtor's Objection to Claims.

## DISCUSSION

Before this Court is the Trustee's Motion to Strike the Debtor's Objection to Claim Numbers 3 and 5. This matter, concerning the allowance or disallowance of a claim against the estate, is deemed to be a "core proceeding." 28 U.S.C. § 157(b)(2)(B). Accordingly, this Court has jurisdiction to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

The Trustee's Motion to Strike is first premised on the Debtor's lack of standing to object to the claims filed in this case. The issue of standing concerns whether a party may obtain judicial review and redress for a grievance. *ACLU v. Nat'l Sec. Agency*, 493 F.3d 644 (6th Cir. 2007) (providing detailed analysis of the standing doctrine). The doctrine of standing is one of jurisdiction, and does not concern the ultimate merits of the substantive claims. To have standing, a party must have "a sufficient stake" in the outcome of the matter. *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

A statute may confer upon a party a sufficient stake in the outcome of a matter so as to provide the party with standing to sue. *ACLU v. Nat'l Sec. Agency*, 493 at 676-77. Under the

Page 2

In re: Linda Malsch
Case No. 08-32129

Bankruptcy Code, standing to object to a proof of claim is defined in § 502(a). This provision, noticeably, does not specifically confer upon a debtor standing to object to a proof of claim, but rather defines standing by reference to a "party in interest." Section 502(a) sets forth:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a *party in interest*, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(emphasis added).

A "party in interest" is not defined by the Bankruptcy Code, but has generally been held to mean one having an actual pecuniary interest in the outcome of the controversy. *In re Citi-Toledo Partners II*, 254 B.R. 155, 163 (Bankr.N.D.Ohio 2000). The result: In a Chapter 7 bankruptcy, a debtor will not usually qualify as a "party in interest" with standing to object to claims. Central to this position, under Chapter 7 of the Code, a debtor receives a discharge of their debts in exchange for the liquidation and distribution of their nonexempt assets to their creditors. A debtor, therefore, rarely stands to gain any financial benefit if successful on an objection to claim. *In re Ulz*, 401 B.R. 321, 327-28 (Bankr. N.D.Ill. 2009).

There are, however, two recognized exceptions. First, a chapter 7 debtor will have standing to object to a proof of claim if there are sufficient assets available for distribution to pay all administrative expenses and creditors in full. *In re Fingers*, 170 B.R. 419, 425 (Bankr.S.D.Cal.1994). Under this scenario, a debtor's successful prosecution of an objection to a proof of claim will increase the surplus available to the estate, thereby conferring upon the debtor a direct financial benefit. *See* 11 U.S.C. § 726(a)(6) (final party entitled to distribution of property of the estate is the debtor). Second, a Chapter 7 debtor may object to any claim for which the underlying debt is nondischargeable. *Normali v. O'Donnell (In re O'Donnell)*, 326 B.R. 901 (Table), (B.A.P. 6th Cir. 2005).

Page 3

**In re: Linda Malsch**
**Case No. 08-32129**

The first of these situations appears applicable in this case. In his brief to the Court, the Trustee related "that there are assets herein to cover the remaining valid claims herein of the Creditors in full." (Doc. No. 91, at pg. 4). It, therefore, follows that the Debtor has standing to object to claims 3 and 5. If successful on either objection, the Debtor would stand to receive the surplus of estate assets generated by the claim's disallowance. Accordingly, for this reason, the Court must reject the Trustee's argument that the Debtor lacks standing to object to claims 3 and 5.

The Court also rejects the Trustee's second position – that the Debtor's objections to claims 3 and 5 should be stricken because the claims are valid. While this may ultimately be shown to be true, such a determination, going to the substantive merits of the creditors' claims, is not a proper subject for resolution on the Trustee's Motion to Strike. Notwithstanding, the Trustee's Motion to Strike raises an issue that cannot be overlooked.

In his Motion, the Trustee related to the Court that the Debtor has yet to fully comply with this Court's order to turnover all nonexempt assets. To the extent this statement is true, the Court is not disposed to allow the Debtor to prosecute her objections to claims. By objecting to the claims of her creditors, the Debtor, on the one hand, seeks the protection of a court order while at the same time ignoring an order of the court. This is disingenuous, and clearly constitutes an abuse of the bankruptcy process.

Consequently, pursuant to 11 U.S.C. § 105(a),[1] the Court will not proceed to determine the merits of the Debtor's objection to claims 3 and 5 until the Debtor has complied with this Court's

---

[1] The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Page 4

In re: Linda Malsch
Case No. 08-32129

order of turnover. Furthermore, if the Debtor fails to timely comply with her obligation under the order of turnover, the Court will, under § 105(a), grant the Trustee's Motion to Strike.

Accordingly, it is

**ORDERED** that the Motion of the Trustee, Louis Yoppolo, to Strike the Debtor's Objection to Claim Numbers 3 and 5 is hereby stayed pending further order of the Court.

**IT IS FURTHER ORDERED** that, within 21 days from the entry of this Order, the Trustee shall report to the Court regarding the Debtor's compliance with this Court's Order of Turnover entered on December 16, 2008 (Doc. No. 44).

Dated: June 12, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 5

08-32129-rls    Doc 100    FILED 06/12/09    ENTERED 06/12/09 15:52:05    Page 5 of 6

# CERTIFICATE OF SERVICE

Copies were mailed this 12th day of June, 2009 to:

Linda B. Malsch
1740 Shantilly Dr.
Maumee, OH 43537

James E. Haughn, II
5425 Southwyck Blvd, #205
Toledo, OH 43614

James M Perlman
416 N Erie St, #100
Toledo, OH 43604

Louis J Yoppolo
300 Madison Avenue, #1200
Toledo, OH 43604

                                                      /s/Diana Hernandez
                                          Deputy Clerk, U.S. Bankruptcy Court